IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL PHILLIPS                                                                                    PLAINTIFF

v.                              Civil No. 4:15-cv-04051

SHERIFF JAMES SINGLETON;
LIEUTENANT HEATH ROSS;
SERGEANT CATHY FLINCHER;
JAIL ADMINISTRATOR JOHNNY
GODBOLT; and JOAN McCLEAN,
Nurse Practitioner                                                                              DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before me on the consent of the parties (ECF No. 14). Defendants have filed a Motion for Partial Judgment on the Pleadings (ECF No. 28). Plaintiff has not responded to the Motion.

**1. Background**

Plaintiff filed his Amended Complaint (Doc. 25) on February 3, 2016. In the caption of the case, he lists Sheriff James Singleton and Lieutenant Heath Ross as Defendants. However, in the portion of the Complaint where he is directed to name each Defendant he lists only Jail Administrator Johnny Godbolt, Sergeant Flincher, and Joan McClean, Nurse Practitioner, as Defendants.

As claims, he lists excessive force, denial of medical care, and unconstitutional conditions of confinement. However, the Amended Complaint does not contain any factual allegations regarding an excessive force claim.

**2.  Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim.  *See Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)).  Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* 556 U.S.662, 678 (2009)).

**3.  Discussion**

Sheriff Singleton and Lieutenant Ross are clearly entitled to judgment on the pleadings.  They are listed only in the caption of the Amended Complaint.  The Amended Complaint contains no factual allegations against them.  Similarly, there are no factual allegations as to the excessive force claim.

**4.  Conclusion**

The Partial Motion for Judgment on the Pleadings (ECF No. 28) is **GRANTED.**  All claims against Sheriff Singleton and Lieutenant Ross are **DISMISSED**.  The excessive force claim is also **DISMISSED**.  The case will proceed on the denial of medical care and unconstitutional conditions of confinement claims.

**IT IS SO ORDERED** this 26th **day of February 2016.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE